IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STEVEN NIELSEN and ALLISSON LYNN NIELSEN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:18-cv-02310-DCN |
| vs. | ) ) | **ORDER** |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

The following matter is before the court on defendant United Property & Casualty Insurance Company's ("UPC") motion to compel, ECF No. 29, and plaintiffs Steven Nielsen and Allisson Lynn Nielsen's (collectively, "plaintiffs") motion to compel, ECF No. 30. For the reasons set forth below, the court grants UPC's motion and denies plaintiffs' motion.

## I. BACKGROUND

This action arises from an insurance coverage dispute. Plaintiffs own property in Summerville, South Carolina ("the Property") and paid for a homeowner's insurance policy with UPC covering the Property ("the Policy"). On or about October 5, 2015, the Property suffered roof damage from a wind-driven tree branch during South Carolina's "1,000-year flood." The damage also allegedly caused mold and fungus to flourish on and in the roof. Plaintiffs filed a claim under the Policy, and UPC inspected the Property. UPC provided an estimate and settlement of damages to plaintiffs, which included a Forensic Structural Evaluation and a check for $1,724.62. Plaintiffs subsequently submitted the final damages estimate for mold remediation, loss of use, replacement of

1

personal property, service, and repairs in the amount of $364,262.11. UPC has allegedly not responded to the estimate.

Plaintiffs filed this action in the Court of Common Pleas for the Ninth Judicial Circuit in Berkeley County, South Carolina on July 10, 2018. Plaintiffs bring causes of action for breach of contract, bad faith, and attorney's fees. UPC removed the action on August 20, 2018. On December 31, 2019, UPC filed a motion to compel, ECF No. 29, to which plaintiffs responded on January 17, 2020, ECF No. 34. On January 3, 2020, plaintiffs filed a motion to compel, ECF No. 30, to which UPC responded on January 17, 2020, ECF No. 35. No replies were filed. The court held a hearing on the motions on February 26, 2020.

## II.  STANDARD

Pretrial discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. When a party fails to respond to a discovery request or responds in an incomplete manner, the party seeking discovery may file a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B); Fed. R. Civ. P. 37(a)(4).

## III. DISCUSSION

### A. UPC's Motion to Compel

UPC filed its motion to compel asking the court to order plaintiffs to fully respond to UPC's second set of discovery requests and to order Allisson Nielsen to attend her deposition. At the hearing on the motions, counsel for UPC clarified that there were only three outstanding issues there were raised in UPC's motion. First, UPC still seeks information about the individuals or companies who performed tree removal on the Property. Counsel for plaintiffs explained that they were looking for the information. As explained at the hearing, the court gives plaintiffs 30 days for the day of the hearing, i.e., March 27, 2020, to either provide the information to UPC or to clarify that they are unable to find the information.

Additionally, UPC still seeks information about any mortgages or foreclosure on the Property. As explained at the hearing, the court finds that this information is relevant and orders plaintiffs to produce that information within 30 days of the hearing, i.e., March 27, 2020. Finally, UPC asked the court for the opportunity to depose two additional people related to this dispute. Under the current scheduling order, discovery ended on December 20, 2019. As the court explained at the hearing, the court will permit the parties to submit a consent amended scheduling order to extent the time for discovery. The parties should create the scheduling order with an anticipated trial date in September 2020.

### B. Plaintiffs' Motion to Compel

Plaintiffs also filed a motion to compel. Plaintiffs ask the court to order UPC to produce an unredacted version of the "Notes Extract." The "Notes Extract" is a

document that is redacted and contains reserves information that UPC claims as not relevant and privileged. Plaintiffs also challenge the cost of taking the deposition of UPC's two out-of-state experts.

### a. Notes Extract

Plaintiffs argue that UPC must produce an unredacted version of the Notes Extract. The Notes Extract, ECF No. 30-6, contains notes that claims adjustors at UPC made about plaintiffs' claim. The redacted document was originally produced without a privilege log, but UPC subsequently provided a privilege log that claimed that redacted information was reserves information that was "not relevant mental impressions" and "prepared in anticipation of litigation." Plaintiffs argue that this information is relevant and not privileged, and that UPC must produce it. UPC makes two arguments in response: first, that plaintiffs' motion is untimely, and second, that the redacted information is not relevant.

With regard to timeliness, Local Civil Rule 37 requires motions to compel discovery to be filed within 21 days of receipt of the disputed discovery. Local Civ. Rule 37.01(a) (D.S.C.). UPC produced the Notes Extract with redactions on April 18, 2019, and plaintiffs did not file their motion to compel until January 3, 2020. Therefore, plaintiffs waited <u>260</u> days to file their motion to compel. This clearly exceeds Rule 37.01's 21-day deadline. The rule does provide that "[i]f counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order." <u>Id.</u> However, it would be difficult to say that counsel has been actively engaged

in attempting to resolve this dispute because plaintiffs' counsel did not contact UPC's counsel about this issue until November 2019, which was seven months after receiving the Notes Extract.

At the hearing on the motions, counsel for plaintiffs requested that the court consider plaintiffs' request despite its untimeliness, citing to Rule 6 and "excusable neglect." Rule 6 of the Federal Rules of Civil Procedure permits a court to extend a deadline after the deadline has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, plaintiffs' counsel did not explain how their failure to file a motion to compel in a timely fashion constitutes excusable neglect, and to the extent counsel's claimed excusable neglect relates to interpretation of the local rules, the Fourth Circuit has clearly stated "that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533 (4th Cir. 1996) (internal quotations omitted). Therefore, the court declines to extend the 21-day deadline set by Local Rule 37. Accordingly, plaintiffs' motion with regard to the Notes Extract is untimely, and the court must deny it for that reason. Because the motion is untimely, the court declines to consider whether the Notes Extract contains relevant information.

    b. **Expert Expenses**

Plaintiffs also argue that the cost of taking the depositions of UPC's two expert witnesses is an unreasonable fee that is contrary to Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure. Plaintiffs explain that UPC estimated the cost to take the deposition of UPC's two expert witnesses, both of whom are located in North Carolina, to be approximately $6,000. As such, plaintiffs argue that this is unreasonable and "request the

Court determine whether the amount in questions constitutes an unreasonable fee under Federal Rules of Civil Procedure 26(b)(4)(E)." ECF No. 30 at 3.

At the hearing on the motions, the court suggested to the parties that they take depositions of the two experts by phone or by video in order to minimize expenses associated with travel. Moreover, an estimated cost of $6,000 to take two expert depositions does not appear patently unreasonable to the court. Plaintiffs took issue with the fact that each expert requires his deposition to last at least four hours; however, that requirement was determined by the experts, not UPC, and the court does not have the power to tell experts how to conduct their businesses. As such, the court finds that the estimated fees for the depositions of the expert witnesses are reasonable.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** UPC's motion to compel and **DENIES** plaintiffs' motion to compel.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 16, 2020**
**Charleston, South Carolina**

6